By the Court.
The evidence might be offered with a much better prospect of success, if this was a bill brought to establish a will of lands in England, where three witnesses are necessary by the statute of frauds and perjuries. There the rule is, that all the witnesses, if living, must be examined. 1 Vez. 177. 1 Wils. 216. Where one of the witnesses has gone beyond sea, a commission issues to examine him, and the same credit is not given to his hand writing as if dead. 3 Vez. 460. Where the witnesses are dead, their-hands may be proved. Bull. 265. In one case indeed, Clymer’s lessee v. Littler et al. hearsay evidence was received, that William Medlicott acknowledged he had forged the will in question. But that rested on the peculiar circumstances of the case, and the court said no general rule could be drawn from it. 1 Bl. Rep. 349. Medlicott being dead at the *trial, his hand writing to the will or instrument of 1745 was proved, which contained a disposition of the premises [*507 to his wife in fee. 3 Burr. 1247. If he had been living, he must have been called to prove the instrument, and the hearsay testimony wént not to give evidence of the forgery, but to impeach the credit of Medlicott, in the same manner as if he had been alive and examined; and besides, it came out on the cross examination of the adverse party. Ib. .1255.
But in the present instance no testimony has been offered respecting the hand writing of Spence. Nor did the same become necessary by o.ur laws, which provide that a will respecting lands may be proved by two witnesses. Indeed personalty alone is disposed of by this will. The will in question therefore derives no validity from the subscription of Spence ; and if he has made any declarations concerning the state of mind of' the testatrix, they cannot be admitted according to our united opinions. However we will agree to receive the evidence, subject to the terms of a new trial being awarded, in case of a verdict being found for the defendant, without cost, provided we shall adhere to our present opinion, with the benefit of appeal to either party in bank.
The defendant’s counsel then waved the testimony, and the jury after a full hearing established the will.